# In the United States Court of Federal Claims

No. 25-367
Filed: May 21, 2025

|  |  |
|---|---|
| KECIA KEKE LIBRON, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| THE UNITED STATES, | ) |
|  | ) |
| Defendant. | ) |

**ORDER**

      Plaintiff, Ms. Kecia Keke Libron, proceeding *pro se*, claims her legal guardian—during Ms. Libron's infancy—formed an illegal contract between Ms. Libron and the Social Security Administration when her guardian applied for Ms. Libron to be assigned a Social Security Number. *See generally* Complaint, ECF No. 1. Defendant moves to dismiss this claim for lack of subject matter jurisdiction. *See generally* Defendant's Motion to Dismiss, ECF No. 9. Ms. Libron never responded to this Motion.

      The Court **GRANTS** defendant's Motion because applications for Social Security Numbers—as part of a process governed by statute, here, 20 C.F.R. § 422.103—do not, as matter of law, create contracts with the federal government. *Rivera v. United States*, 105 Fed. Cl. 644, 650 (2012) ("[N]either a birth certificate nor a social security number evidence a contract on which a private party can sue the Government."); *see Schneiter v. United States*, 159 Fed. Cl. 356, 370 (2022) ("[C]ontract claims that rely upon an extension of duties or rights established by statute or regulation are generally not plausible.").

      The Court's duty to liberally construe a *pro se* litigant's complaint, *see Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980), does not change this conclusion because Ms. Libron's contract claim must still allege facts to invoke this Court's jurisdiction under the Tucker Act, *see Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1584 (Fed. Cir. 1993); *see also* 28 U.S.C. § 1491(a)(1). "To plead a contract claim, whether express or implied, within Tucker Act jurisdiction, a complainant must allege mutual intent to contract, including an offer, an acceptance, consideration, and facts sufficient to establish that the contract was entered into with an authorized agent of the United States who had actual authority to bind the United States." *Lion Raisins, Inc. v. United States*, 54 Fed. Cl. 427, 431 (2002) (internal quotation marks and citation omitted). Because no contract with the federal government exists here as a matter of law, *e.g.*, *Rivera*, 105 Fed. Cl. at 650, the Court lacks subject matter jurisdiction, and dismissal under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims is required.

- 2 -

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ *Loren A. Smith*

Loren A. Smith,
Senior Judge